SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Christopher Lamar Cleveland,                    )    No. CV 12-2605-PHX-DGC (SPL)
                                                )
            Plaintiff,                          )    **ORDER**
                                                )
vs.                                             )
                                                )
Joseph M. Arpaio, et al.,                       )
                                                )
            Defendants.                         )
_____)

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  Plaintiff also filed a motion requesting federal intervention, notices, and a brief. (Doc. 5-10).  Plaintiff has also filed a document captioned "Submitting Documentation to Evidence Burden of Proof" in which he seeks injunctive relief and to which he has attached copies of California records concerning his conviction there. (Doc. 11.)  He has also filed a request to produce documents, a motion to produce a copy of plea agreement in a 1993 California case, and several notices. (Doc. 12-20.)  The Court will

_____

[1] Plaintiff has filed several civil rights and habeas cases in this District concerning his pending prosecutions in Pinal County for failure to register as a sex offender and whether he was actually convicted of a sex offense in California in 1993 and is obligated to register as a sex offender under Arizona Revised Statute § 13-3821.  See Cleveland v. Pinal Co. Superior Court, No. CV12-1942-PHX-DGC (§ 1983); Cleveland v. Arizona Dep't of Public Safety, No. CV12-2323-PHX-DGC (§ 1983); Cleveland v. Babeu, No. CV12-2685-PHX-DGC (§ 2254 habeas); Cleveland v. Babeu, No. CV13-0045-PHX-DGC (§ 2241 habeas); Cleveland v. Voyles, No. CV13-0265-PHX-DGC (§ 1983 civil rights); and Cleveland v. Babeu, No. CV13-0328-PHX-DGC (§ 2254 habeas).

JDDL-K

dismiss the Complaint with leave to amend, deny the motion, the notices, and the brief to the extent that any relief is sought therein.

## I.     Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.   Complaint**

Plaintiff alleges three counts for threat to safety, slander or defamation, and wrongful imprisonment. Plaintiff sues Maricopa County Sheriff Joseph Arpaio; Arizona Governor Jan Brewer; the National Crime Information Center (NCIC); and the Maricopa County Sheriff's Office (MCSO). Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

**Background**

In this and other cases, Plaintiff disputes whether he was convicted in 1993 of a sexually-based offense in California and whether he is required to comply with Arizona's sex offender registration statute, Arizona Revised Statute § 13-3281. Unofficial information from the Administrative Office of the Courts for Los Angeles County, which is available on

1   Westlaw, reflects that a person named "Christopher Lamar Cleveland" was charged with a
2   "P 288.A" offense in Los Angeles County Court, case #SA013565, on May 13, 1993.[2]
3   California Penal Code § 288a penalizes oral copulation with a person under 18 years of age
4   and/or with a person against the person's will, among other circumstances. See West's Ann.
5   Cal. Penal Code § 288a.

6       Documents submitted by Plaintiff in this case from his California case reflect that:
7   Plaintiff was convicted in 1993 of a "288.A" offense in California for which the California
8   court sentenced him to 365 days in jail, less good time credit resulting in actual incarceration
9   for 257 days, and three years on probation; the court ordered that Plaintiff have no further
10  contact with the victim or his co-defendant and that he register as a sex offender within 30
11  days; the court stated that it had no objection to Plaintiff's probation supervision being
12  transferred to Arizona; and the court ordered Plaintiff to report to probation within 48 hours
13  of release from jail, unless he was extradited to Arizona. (Doc. 11 at 11.)  Plaintiff asserts
14  that these documents reflect that he was released on November 30, 1993, but he contends
15  there is no evidence that he received a sentence rather than the mere dismissal of the
16  California charge.[3]

17      According to Plaintiff, after serving time in California, he was convicted in Arizona
18  of armed robbery in Maricopa County Superior Court, case #CR9310362.  Prior to his release
19  from that sentence, however, a Corrections Officer III told him that he was required to
20  register as a sex offender based on the California conviction.  (Doc. 10 at 7-8.)

21      Between October 31, 1994 and April 23, 2001, Plaintiff was incarcerated in Arizona
22  for an armed robbery conviction imposed by the Maricopa County Superior Court,
23  case#9310362.  Shortly before his release from the armed robbery conviction, Plaintiff was

24  _____

25      [2]  See https://web2.westlaw.com, criminal arrest & infractions records-California
    (CRIM-CA), record date May 13, 1993, case# SA013565 (last visited May 22, 2013).
26
27      [3]  In his "Open Brief," Plaintiff sets forth additional information, including a time-line.
    (Doc. 10.)  He states that documents discovered by the "NAACP" reflect that he served 257
28  days in jail, from March 13, 1993 until November 30, 1993, in California, but he denies that
    he was sentenced to probation in California.

required to register as a sex offender based upon his conviction in California case SA013565, which was reflected on the National Crime Information Center (NCIC) database.[4]  Plaintiff apparently did register and did not then contend that he had never been convicted of the offense in California.  Plaintiff was released from ADC custody.

On September 30, 2003, Plaintiff was sentenced to 2.5 years in prison after he pleaded guilty to failing to register as a sex offender based upon California case SA013565, in Maricopa County Superior Court case #CR2003-037149.[5]  On December 18, 2007, Plaintiff was sentenced to three years in prison after he again pleaded guilty to failing to register as a sex offender with one prior felony in Maricopa County Superior Court case #CR2007-030890, again based on California case SA013565.[6]  Plaintiff does not explain why he pleaded guilty in these cases if he had not been convicted in the California case.

Plaintiff is currently charged in two cases in Pinal County Superior Court.  In case

---

[4]  According to the NCIC website, data contained in NCIC is provided by the FBI, federal, state, local and foreign criminal justice agencies, and authorized courts.  The FBI is authorized to acquire, collect, classify and preserve identification, criminal identification, crime, and other records and to exchange such information with authorized entities.  The purpose for maintaining the NCIC system of record is to provide a computerized data base for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals.  This information assists authorized agencies in criminal justice objectives, such as apprehending fugitives, locating missing persons, locating and returning stolen property, as well as in the protection of the law enforcement officers encountering the individuals described in the system.  An individual with a criminal record supported by fingerprints entered in the NCIC III file, criminal history record information, is available to that individual for review upon presentation of appropriate identification and in accordance with applicable State and Federal administrative and statutory regulations.  Appropriate identification includes being fingerprinted for the purpose of insuring that the individual is who the individual purports to be.   The record on file will then be verified through comparison of fingerprints.   See http://www.fas.org/irp/agency/doj/fbi/is/ncic.htm (last visited May 22, 2013).

[5]  See http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf (last visited May 22, 2013).

[6]  See http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2979475.pdf (last visited May 22, 2013).  In the minute entry, Plaintiff's last name is spelled "Cleaveland" but the referenced prior felony was CR2003-037149.  Id.

#CR201200144, he is charged with one count of failure as a sex offender to file a notice of address or name charge, and in case #CR201202592, he is charged with one count each of failure as a sex offender to file a notice of moving out of the county and failure to register with the sheriff's department.[7]   In a minute entry issued December 20, 2012 in CR201200144, the court set a hearing on a *state* motion to dismiss, which was scheduled to be held on January 8, 2013.[8]  Based on the scheduled hearing in that case, the court reset the pretrial conference in CR201202592 to be held the same day.[9]  Both hearings have since been continued for reasons, and to a date, not reflected in records currently available on-line.[10]

In his Complaint in this case, Plaintiff alleges the following: NCIC falsely reported that Plaintiff was convicted in Los Angeles Superior Court in Santa Monica, California, of lewd acts with a minor for which he was incarcerated for one year, case #SA01356501.  On April 23, 2001, MCSO, under Joseph Arpaio, falsified and unlawfully used unauthorized information to charge Plaintiff with failure to comply with Arizona Revised Statute § 13-3821(A), i.e., failure to register as a sex offender.[11]  According to Plaintiff, MCSO relied on invalid information absent proof from the California court to substantiate that he had been convicted or served a sentence for a sex offense and that he has been wrongfully prosecuted for failure to comply with § 13-3821(A).  Plaintiff also contends that Arpaio, MCSO, NCIC, and Brewer lacked valid grounds to enforce § 13-3821 against him and that he has been, and is, wrongfully incarcerated for failure to comply with § 13-3821(A).  Plaintiff also asserts

---

[7] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx (last visited May 22, 2013).

[8] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited May 22, 2013).

[9] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited May 22, 2013).

[10] See http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, case##CR201200144 and CR201202592 (last visited May 22, 2013).

[11] Plaintiff asserts that Arpaio has supervisory liability for the erroneous reporting.

1 that the Clerk of Court for Los Angeles County has indicated that case SA01356501 was

2 dismissed, but that Plaintiff has nevertheless been repeatedly charged with failure to comply

3 with § 13-3821.

4 **IV.     Failure to State a Claim**

5       To state a claim under § 1983, a plaintiff must allege facts to support that (1) the

6 conduct about which he complains was committed by a person acting under the color of state

7 law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

8 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional

9 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

10 a particular defendant, and he must allege an affirmative link between the injury and the

11 conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

12     **A.     NCIC**

13       Plaintiff sues the NCIC, which is maintained by the Federal Bureau of Investigation

14 (FBI).[12]  As described above, a plaintiff may bring an action against a person acting under

15 color of state law under § 1983.  Because NCIC operates under color of federal law, it may

16 not be sued under § 1983.  Therefore, it appears that Plaintiff is attempting to seek relief

17 against the NCIC under Bivens v. Six Unknown Named Agents of Federal Bureau of

18 Narcotics, 403 U.S. 388 (1971).  A Bivens claim is analogous to one brought pursuant to

19 § 1983, except for the replacement of a state actor under § 1983 by a federal actor under

20 Bivens.  Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (citing Van Strum v. Lawn, 940

21 F.2d 406, 409 (9th Cir. 1991)).  However, a Bivens claim may only be maintained against

22 officials acting under color of federal law in their individual capacities; neither the United

23 States, nor an agency, is a proper defendant under Bivens.  See FDIC v. Meyer, 510 U.S.

24 471, 486 (1994) (federal agencies are not proper defendants in a Bivens action); Myers v.

25 United States Marshals Serv., No. CV10-2662, 2011 WL 671998, at *2 (S.D. Cal. Feb. 15,

26 2011).  Because NCIC is a federal entity or agency and not an official, it may not be sued

27

28

_____

[12]  See http://www.fbi.gov/about-us/cjis/ncic (last visited May 22, 2013).

1    under <u>Bivens</u>.  Accordingly, the NCIC will be dismissed as a Defendant.

2        **B.    MCSO**

3        Plaintiff also sues MCSO.  "Government entities have no inherent power and possess

4    only those powers and duties delegated to them by their enabling statutes. Thus, a

5    governmental entity may be sued only if the legislature has so provided."   <u>Braillard v.</u>

6    <u>Maricopa County</u>, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (citations omitted). Although

7    Arizona counties have been granted the power to sue and be sued through their boards of

8    supervisors, see A.R. S. § 11–201(A)(1), "no Arizona statute confers such power on MCSO

9    as a separate legal entity."  <u>Id</u>.  MCSO, therefore, is a non-jural entity without the capacity

10   to be sued.  <u>See id</u>.; <u>Lovejoy v. Arpaio</u>, No. CV 09–1912–PHX–NVW, 2010 WL 466010,

11   at * 16 (D.Ariz. Feb.10, 2010).  The claims asserted against MCSO will be dismissed.

12       **C.    Brewer and Arpaio**

13       Plaintiff also sues Arizona Governor Brewer and Maricopa County Sheriff Arpaio.

14   While Brewer and Arpaio may be sued under § 1983, Plaintiff fails to state a claim against

15   either.

16       To state a claim against an individual Defendant, a "plaintiff must allege facts, not

17   simply conclusions, that show that [the] individual was personally involved in the deprivation

18   of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an

19   individual to be liable in his official capacity, a plaintiff must allege that the official acted

20   as a result of a policy, practice, or custom.  <u>See</u> <u>Cortez</u>, 294 F.3d at 1188.  In addition, there

21   is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor

22   of someone who allegedly violated a plaintiff's constitutional rights does not make him

23   liable.  <u>Monell</u>, 436 U.S. at 691; <u>Taylor</u>, 880 F.2d at 1045.  A supervisor in his individual

24   capacity, "is only liable for constitutional violations of his subordinates if the supervisor

25   participated in or directed the violations, or knew of the violations and failed to act to prevent

26   them."  <u>Taylor</u>, 880 F.2d at 1045.

27       Plaintiff asserts that since 2001, he has been charged and incarcerated repeatedly

28   based upon allegedly inaccurate information on NCIC that reflected that he had been

1  convicted of a sexual offense in California.  (Doc. 1 at 5.)  Plaintiff asserts that he was

2  wrongfully convicted in 2003 and 2007 Maricopa County cases, although he fails to explain

3  why he pleaded guilty in those cases, and that Brewer and Arpaio failed to prove that he had

4  actually ever been convicted in California.[13]

5       Plaintiff's allegations against Brewer and Arpaio are vague and conclusory.  Although

6  *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972),

7  conclusory and vague allegations will not support a cause of action.  Ivey v. Board of

8  Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal

9  interpretation of a civil rights complaint may not supply essential elements of the claim that

10 were not initially pled.  Id.  Plaintiff fails to allege specific facts to support that either Brewer

11 or Arpaio were directly involved in any claimed violation of Plaintiff's constitutional rights

12 or that either promulgated, endorsed, or enforced a policy or practice resulting in a violation

13 of Plaintiff's constitutional rights.  Accordingly, Plaintiff fails to state a claim against Brewer

14 or Arpaio and they will be dismissed.

15     **D.**    **Count I**

16      Plaintiff designates Count I as a claim for threat to safety in violation of his Thirteenth

17 Amendment rights.[14]  A claim for threat to safety arises under the Fourteenth Amendment

18 as to pretrial detainees and under the Eighth Amendment as to convicted inmates, but the

19 standard is the same.  To state a claim under § 1983 for threats to safety, an inmate must

20 ─────────────────

21     [13]  However, as described above, Plaintiff has since filed copies of documents from

22 his California case that reflect that he was in fact convicted of a sex offense in California for
   which he served time in jail and was ordered to register in California as a sex offender.

23 (Doc. 11 at 11.)

24     [14]  "The Thirteenth Amendment declares that '[n]either slavery nor involuntary

25 servitude, except as punishment for crime whereof the party shall have been duly convicted,
   shall exist within the United States, or any place subject to their jurisdiction.'"  United States

26 v. Kozminski, 487 U.S. 931, 942 (1988) (quoting Amendment XIII).  "By its terms [the
   Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a

27 crime."  Id. at 943.  To the extent that Plaintiff seeks relief for his detention or incarceration

28 in connection with criminal charges or convictions, he fails to state a Thirteenth Amendment
   claim.

    

1   allege facts to support that he was incarcerated under conditions posing a substantial risk of

2   harm and that officials were "deliberately indifferent" to those risks.  <u>Farmer v. Brennan</u>, 511

3   U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege

4   facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.

5   <u>Id.</u> at 837.  That is, "the official must both [have been] aware of facts from which the

6   inference could be drawn that a substantial risk of serious harm exist[ed], and he must also

7   [have] draw[n] the inference."  <u>Id.</u>

8       Plaintiff has not alleged facts to support he has been or is being incarcerated under

9   conditions posing a substantial risk of harm to him.[15]  Nor has Plaintiff alleged facts to

10  support that any Defendant has acted with deliberate indifference to a substantial threat to

11  his safety.  Accordingly, Plaintiff fails to state a claim for threat to safety in Count I.

12      **E.   Count II**

13      Plaintiff designates Count II as a claim for defamation or slander and violation of

14  double jeopardy.  He asserts that NCIC is falsely attributing a California conviction for a

15  sexual offense to him for which he served a year in jail; MCSO has no copy of the case file

16  in SA01356501; records from Culver City Municipal Court case SA01356501 reflect the

17  case was dismissed, which was affirmed by Superior Court Clerk John A. Clarke; MCSO

18  charged Plaintiff based on case SA01356501, although that case was dismissed; and Plaintiff

19  has been subject to years of harassment, false arrests, wrongful incarceration, etc., as a

20  consequence.  He further contends that Arpaio, Brewer, NCIC, and MCSO violated double

21  jeopardy by using an acquittal in SA01356501 in Culver City Municipal Court as a

22  conviction in Los Angeles Superior Court to prosecute him for failure to register as a sex

23  offender.  He contends that Arpaio and Brewer failed to validate the information relied upon

24  in prosecuting him for failure to register as a sex offender, which he contends rises to the

25

26      [15] Plaintiff appears to be seeking release or exoneration from pending charges or relief
    as to prior convictions.  Challenges to pretrial incarceration must be brought in a petition for
27  writ of habeas corpus under 28 U.S.C. § 2241.  Challenges to state convictions should be
    brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Plaintiff may not
28  obtain such relief in an action under 42 U.S.C. § 1983.

1    level of defamation and slander.

2         To the extent that Plaintiff asserts claims against MCSO or NCIC, he fails to state a

3    claim because neither are proper defendants under § 1983 or <u>Bivens</u>.  Accordingly, Count

4    II will be dismissed as to them.

5         Plaintiff also fails to state a claim for violation of double jeopardy.  "The Double

6    Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same

7    offense after acquittal; (2) a second prosecution for the same offense after conviction; and

8    (3) multiple punishments for the same offense." <u>United States v. Chick</u>, 61 F.3d 682, 686

9    (9th Cir. 1995) (quoting <u>United States v. Halper</u>, 490 U.S. 435, 440 (1989)).  The Double

10   Jeopardy Clause guarantees not only protection from multiple convictions and punishment,

11   but also the right not to be "twice put to trial for the same offense." <u>Abney v. United States</u>,

12   431 U.S. 651, 660 (1977).

13        Plaintiff does not allege facts to support that he has twice been prosecuted for the

14   same offense.  Rather, he alleges that he has been prosecuted for multiple failures to register

15   as a sex offender occurring on different dates.  That is not sufficient to state a claim for

16   double jeopardy.  Further, a double jeopardy claim is also subject to dismissal as not having

17   yet accrued under <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994).  A civil rights claim

18   brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of

19   a conviction or the duration of a sentence may not be brought before the prisoner has

20   obtained a "favorable termination" of the underlying conviction; a prisoner's *sole* federal

21   remedy to challenge the validity or duration of his confinement is a petition for a writ of

22   habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Docken v. Chase</u>, 393 F.3d

23   1024, 1031 (9th Cir. 2004).  That is, a civil rights claim under § 1983 does not accrue unless

24   or until the prisoner has obtained a "favorable termination" of the underlying conviction. <u>See</u>

25   <u>Heck</u>, 512 U.S. at 489; <u>Docken</u>, 393 F.3d at 1031.  Under the "favorable termination" rule:

26         In order to recover damages for allegedly unconstitutional conviction or
           imprisonment, or for other harm caused by action whose unlawfulness would
27         render a conviction of sentence invalid, a § 1983 plaintiff must prove that the
           conviction or sentence has been reversed on direct appeal, expunged by
28         executive order, declared invalid by a state tribunal . . . or called into question
           by a federal court's issuance of a writ of habeas corpus . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Heck, 512 U.S. at 486-87.  Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued.  Id. at 489.  Thus, success on any claim pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed.  Only then may a plaintiff properly seek relief pursuant to 42 U.S.C. § 1983.

Success on a civil claim of double jeopardy would necessarily imply the invalidity of the resulting conviction.  Plaintiff has not alleged facts to support a violation of the Double Jeopardy Clause or facts to support that any conviction in violation of double jeopardy has been invalidated.  Accordingly, the portion of Count II asserting a double jeopardy claim will not accrue unless and until the underlying conviction has been invalidated.

Plaintiff also asserts a claim for slander and defamation.  An action for damage to reputation ordinarily "lies . . . in the tort of defamation, not in [42 U.S.C. §] 1983."  Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir. 1988).  "To recover damages for defamation under § 1983, a plaintiff must satisfy the 'stigma-plus test.'"  American Consumer Pub. Ass'n, Inc. v. Margosian, 349 F.3d 1122, 1125-26 (9th Cir. 2003) (quoting Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc)).  "Under that test, 'a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation.'"  Id. at 1126 (quoting Cooper, 924 F.2d at 1532).  The injury must be to a "previously recognized right or status."  WMX Tech., Inc. v. Miller, 80 F.3d 1315, 1319 (9th Cir. 1996) (citing Paul v. Davis, 424 U.S. 693, 711 (1976)).  Further, "the 'stigma-plus test' requires that the defamation be accompanied by an injury directly caused by the Government, rather than an injury caused by the act of some third party [in reaction to the Government's defamatory statements]."  Id. at 1320 (injuries caused by third party's response to government statements not cognizable under § 1983).  "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right, or (2) allege that the injury to

1   reputation *caused the denial* of a federally protected right."  Herb Hallman Chevrolet, Inc.

2   v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999); see Paul, 424 U.S. at 703.

3        Plaintiff alleges an injury to his reputation based on the actions of others in reaction

4   to allegedly defamatory statements by governmental statements.[16]  He does not allege facts

5   to support that any injury to reputation was inflicted in connection with a federally protected

6   right.  Nor does he allege facts to support that the injury to his reputation caused the denial

7   of a federally protected right.  Further, Plaintiff's allegations against Arpaio and Brewer in

8   Count II are vague and conclusory.  Plaintiff fails to allege facts to support that either directly

9   violated Plaintiff's constitutional rights or facts to support that either promulgated or

10  endorsed a policy or practice resulting in the violation of Plaintiff's constitutional rights.  For

11  these reasons, Plaintiff fails to state a defamation claim.

12       **F.    Count III**

13       Plaintiff designates Count III as a claim for violation of the Ninth Amendment,

14  wrongful imprisonment, and constructive fraud as to records concerning his having been

15  convicted of a sex offense in California.  He alleges that SA01356501 was dismissed in

16  Culver City Municipal Court and that no further record of that case should be found in other

17  California jurisdictions; NCIC provided false information in judicial proceedings, which is

18  fraud; since April 23, 2001, Plaintiff has been "held from fighting" this fraud to prove that

19  he was never convicted; Plaintiff has served seven years as a result of MCSO negligently

20  failing to obtain proof that he was actually convicted of a sex offense; and state and federal

21  agencies and officials failed to produce proof that Plaintiff had been convicted of a sex

22  offense or to disclose their own fraudulent conduct.

23       The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain

24  rights, shall not be construed to deny or disparage others retained by the people."  Const.,

25  Amend. IX.  The Ninth Amendment "has never been recognized as independently securing

26

27       [16]  As noted herein, records submitted by Plaintiff appear to substantiate that he was

28  in fact convicted of a sex offense in California.  If Plaintiff was convicted of a sex offense
    in California, then statements to that effect are true and not defamatory.

1  any constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of

2  Helena, 791 F.2d 744, 748 (9th Cir. 1986); see Froehlich v. Wisconsin Dep't of Corr., 196

3  F.3d 800, 801 (7th Cir. 1999); Johnson v. Texas Bd. of Crim. Just., 281 Fed. Appx. 319, 320

4  (5th Cir. 2008).  Accordingly, Plaintiff fails to state a claim under the Ninth Amendment.

5       Plaintiff otherwise appears to be attempting to challenge one or more prior Arizona

6  convictions and/or the underlying basis for pending prosecutions.  To the extent that Plaintiff

7  is attempting to challenge prior convictions, he may not do so under § 1983 or Bivens.

8  Rather, he must do so by filing a habeas petition under 28 U.S.C. § 2254.[17]

9       To the extent that Plaintiff seeks intervention by this Court in connection with

10  currently pending criminal cases, the Younger abstention doctrine bars consideration of his

11  claim.  The abstention doctrine under Younger v. Harris, 401 U.S. 37 (1971), prevents a

12  federal court in most circumstances from directly interceding in ongoing state criminal

13  proceedings.  The Younger abstention doctrine also applies while a case works its way

14  through the state appellate process, if a prisoner is convicted.  New Orleans Pub. Serv., Inc.

15  v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).  Only in limited, extraordinary

16  circumstances will the Younger doctrine not bar federal interference with ongoing (non-final)

17  state criminal proceedings.  Such circumstances include when a prisoner alleges that he is

18  being subjected to double jeopardy.  See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.

19  1992).  Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state

20  to bring him to trial, rather than seeking dismissal of the charges, and the detainee has

21  exhausted all of his state court remedies.  Braden v. 30th Judicial Circuit Court of Kentucky,

22

23

24       [17]  Before a federal court may grant habeas relief, however, a prisoner must first have
   exhausted remedies available in the state courts.  See 28 U.S.C. § 2254(b)(1); O'Sullivan v.
25  Boerckel, 526 U.S. 838, 842 (1999).  The federal court will not entertain a petition for writ
   of habeas corpus unless each and every issue has been exhausted.  Rose v. Lundy, 455 U.S.
26  509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may
   not consider a claim until petitioner has properly exhausted all available remedies).  When
27  seeking habeas relief, the burden is on the habeas petitioner to show that he has properly
   exhausted each claim.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per
28  curiam*).

1    410 U.S. 484, 489-90 (1973); see In re Justices of Superior Court Dep't of Mass. Trial Court,

2    218 F.3d 11, 18 & n.5 (1st Cir. 2000).

3            In this case, Plaintiff is not seeking to compel the state to bring him to trial, rather than

4    seeking dismissal, nor does he allege the exhaustion of all of his state court remedies.

5    Further, while Plaintiff elsewhere asserts that his pending prosecutions violate double

6    jeopardy, he does not allege, nor does it otherwise appear, that he is being re-prosecuted for

7    identical failures to register.  Any challenges to Plaintiff's current prosecutions for failure to

8    register, including that he has never been convicted of a sex offense, should be presented in

9    state court.  The Court will dismiss Count III for failure to state a constitutional claim under

10   the Ninth Amendment and based on the Younger abstention doctrine.[18]

11   **V.    Leave to Amend**

12           For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

13   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

14   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

15   Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

16   to use the court-approved form, the Court may strike the amended complaint and dismiss this

17   action without further notice to Plaintiff.

18           Plaintiff must clearly designate on the face of the document that it is the "First

19   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

20   entirety on the court-approved form and may not incorporate any part of the original

21   Complaint by reference.  Plaintiff may include only one claim per count.

22           A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

23   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

24   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

25   _____

26           [18] The Court will also deny Plaintiff's motion to intercede in his pending state court
prosecutions based on the Younger doctrine.  Further, while Plaintiff is currently being
27   prosecuted in two cases in Pinal County Superior Court by the same prosecutor, the cases
were filed many months apart and appear to concern different violations of Arizona's sex
28   offender registration statute.

nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.   Plaintiff's Motions and Requests

Plaintiff in part requests injunctive relief.  (Doc. 11.)  He contends that documents reflect that charges against him were dismissed by the California court and/or that the records are inconsistent.  He seeks an injunction to "ensure he [is] properly provided fairness due to the merits."  (Id. at 4.)  As discussed herein, the Younger abstention doctrine bars intervention by this Court in pending state criminal cases.  Accordingly, to the extent that Plaintiff seeks injunctive relief, his request will be denied.

Plaintiff has also filed a motion to produce a "written plea in SA1356501."  (Doc. 14.) To the extent that Plaintiff seeks discovery, this motion is premature prior to service of any amended complaint on any Defendant.  For analogous reasons, the Court will deny Plaintiff's request production of documents and "Statement of Facts."  (Doc. 13, 15.)

Finally, Plaintiff has filed numerous notices.  (Doc. 12, 16-20.)  To the extent that he seeks any relief in his notices, such relief will be denied.  (Id.)

## VII.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

1      **C.     Copies**

2          Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

3      LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

4      to Plaintiff.

5      **D.     Possible "Strike"**

6          Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

7      to file an amended complaint correcting the deficiencies identified in this Order, the

8      dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

9      Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

10     judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

11     occasions, while incarcerated or detained in any facility, brought an action or appeal in a

12     court of the United States that was dismissed on the grounds that it is frivolous, malicious,

13     or fails to state a claim upon which relief may be granted, unless the prisoner is under

14     imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

15     **E.     Possible Dismissal**

16         If Plaintiff fails to timely comply with every provision of this Order, including these

17     warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

18     1260-61 (a district court may dismiss an action for failure to comply with any order of the

19     Court).

20     **IT IS ORDERED:**

21         (1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

22         (2)     As required by the accompanying Order to the appropriate government agency,

23     Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

24         (3)     The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has

25     **30 days** from the date this Order is filed to file a first amended complaint in compliance with

26     this Order.

27         (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

28     Court must, without further notice, enter a judgment of dismissal of this action with prejudice

1    that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

2        (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

3    rights complaint by a prisoner.

4        (6)     Plaintiff's other filings, including motions, notices, statements, letters, and

5    requests are **denied** to the extent that any relief is sought therein.  (Doc. 5-20.)

6        DATED this 29th day of May, 2013.

7

8

9

10                        David G. Campbell
                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix &amp; Prescott Divisions:</td><td><strong>OR</strong></td><td>Tucson Division:</td></tr>
</table>

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)            )
     Plaintiff,                )
                                   )
     vs.                       )   **CASE NO.** _____
                                   )   (To be supplied by the Clerk)
(1) _____ ,    )
(Full Name of Defendant)            )
(2) _____ ,    )
                                   )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,    )   **BY A PRISONER**
                                   )
(4) _____ ,    )   ☐ Original Complaint
     Defendant(s).            )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                      1                      **550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?         ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities           ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____

_____ .

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____ .

5.    **Administrative Remedies.**
  a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                         ☐ Yes   ☐ No
  b.    Did you submit a request for administrative relief on Count III?              ☐ Yes   ☐ No
  c.    Did you appeal your request for relief on Count III to the highest level?     ☐ Yes   ☐ No
  d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____

_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                   DATE                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.