SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Christopher Lamar Cleveland,

Plaintiff,

vs.

Joseph M. Arpaio, et al.,

Defendants.

No.  CV 12-02605-PHX-DGC (SPL)

**ORDER**

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, among other filings.[1]  (Doc. 1, 5-20.)  The Court dismissed the Complaint for failure to state a claim with leave to amend and denied the motion, the notices, and the brief to the extent that any relief was sought.  (Doc. 21.)  Plaintiff has filed a First Amended Complaint.  (Doc. 23.)  He has also filed a motion for an order requiring Defendants to respond to a request for admission, a motion for relief from judgment as to Plaintiff's

---

[1] **Error! Main Document Only.**Plaintiff has filed several civil rights and habeas cases in this District concerning pending prosecutions in Pinal County for failure to register as a sex offender and whether he was actually convicted of a sex offense in California in 1993 and is obligated to register as a sex offender under Arizona Revised Statute § 13-3821.  *See Cleveland v. Pinal Co. Superior Court*, No. CV12-1942-PHX-DGC (§ 1983); *Cleveland v. Arizona Dep't of Public Safety*, No. CV12-2323-PHX-DGC (§ 1983); *Cleveland v. Babeu*, No. CV 12-2685-PHX-DGC (§ 2254 habeas); *Cleveland v. Babeu*, No. CV13-0045-PHX-DGC (§ 2241 habeas); *Cleveland v. Voyles*, No. CV13-0265-PHX-DGC (§ 1983 civil rights); and *Cleveland v. Babeu*, No. CV13-0328-PHX-DGC (§ 2254 habeas).

1993 California conviction, two notices, a motion submitting a document, a motion to address material breach of a judicial contract, two briefs, and a motion to serve summons.[2] (Doc. 24-33.) The Court concludes that recusal under 28 U.S.C. § 455 is not warranted. The Court will dismiss the First Amended Complaint for failure to state a claim and this action and will deny the motions, notices, and briefs to the extent that any relief is sought therein.

## I. Recusal

As noted above, Plaintiff has named the undersigned as a Defendant in the First Amended Complaint based on Plaintiff's disagreement with rulings in this, and other cases, he has filed. Section 455(a) of Title 28 provides that a United States judge or magistrate judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current

---

[2] **Error! Main Document Only.** In his motion for material breach of judicial contract, Plaintiff appears to contend that he cannot be prosecuted in Arizona for failure to register as a sex offender based on a 1993 California conviction where he pleaded nolo contendere and was not required to register in California as a condition of his plea. He contends that being required to register in Arizona somehow violates the conditions of his California plea. Section 13-3821(A) of the Arizona Revised Statutes requires a person who has been convicted in another jurisdiction of offenses having the same elements as specified Arizona offenses to register with the relevant county sheriff *even if* the person was not required to register where convicted. Plaintiff does not dispute that he was convicted of a qualifying offense in California.

proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

As noted above, Plaintiff has named the undersigned as a Defendant in the First Amended Complaint. While ordinarily a judge might recuse himself from a case in which he is named as a party, the Court declines to do so in this case because its impartiality cannot *reasonably* be questioned, nor is the Court "a party to the proceeding." 28 U.S.C. § 455(a) and (b)(5)(i). A litigant who becomes unhappy with a judge's rulings may seek to force the judge to recuse himself by filing a lawsuit against the judge. But a "'judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984). "'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)). Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095-96 (D. Alaska 2006). *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain assignment of a judge the litigant considers more desirable."[3] (quoting *Snegirev*, 407 F. Supp. 2d at 1095-96)).

---

[3] The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). An action under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was

Plaintiff names the undersigned based on the Court's rulings in this case or in other cases filed by Plaintiff. As to the Court's rulings in Plaintiff's previous cases, the undersigned is protected by judicial immunity from liability under § 1983. Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

As to this case, the Court does not have a personal bias or prejudice concerning Plaintiff or other potential parties to this action, nor does it have personal knowledge of disputed evidentiary facts at issue in this proceeding. The Court also discerns no appearance of impropriety in presiding over this case. The Court finds that Plaintiff's claim against the undersigned is precluded by judicial immunity and is frivolous. Thus, the Court declines to recuse itself and, accordingly, the Court will deny Plaintiff's motion to address material breach and will dismiss Count III of the First Amended Complaint for failure to state a claim.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

frivolous).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.   First Amended Complaint**

Plaintiff alleges three counts for cruel and unusual punishment, malicious prosecution, and violation of due process. Plaintiff also asserts violations of federal criminal statutes. In addition to the undersigned, Plaintiff sues Arizona Governor Janice K. Brewer, and Deputy Pinal County Attorney Thomas Kohler. Plaintiff seeks injunctive relief. Specifically, he seeks production of certified copies of documents from his 1993 California criminal case, removal from Arizona's sex offender registry, and re-trial of the

termination of his parental rights.

**Background**

In this, and other cases, Plaintiff disputes whether he was convicted in 1993 of a sexually-based offense in California and whether he is subject to Arizona's sex offender registration statute, Arizona Revised Statute (ARS) § 13-3281. Unofficial information from the Administrative Office of the Courts for Los Angeles County, which is available on Westlaw, reflects that a person named "Christopher Lamar Cleveland" was convicted of violating "P 288.A" and "P 288.B" in Los Angeles County Court, case# SA013565, on May 13, 1993.[4] Although Plaintiff has previously challenged whether he was convicted in California, and the length of his sentence, he has submitted a copy of a document from his 1993 case that he received on August 28, 2013 from Judge Antonio Barreto, Jr., of the California Superior Court. *Cleveland*, No. CV12-2323, Doc. 32. That document reflects that on August 26, 1993, Plaintiff withdrew his not guilty plea to count one and pleaded nolo contendere to that count for violation of "§ 288.A" in SA013565. *Id.* The document further reflects that after changing his plea, he was remanded to custody with sentencing to be held on November 29, 1993. *Id.* In another notice, Plaintiff attaches his replica of a letter he received from Judge Barreto, dated September 27, 2013, in which Judge Barreto stated that Plaintiff had been convicted of violating § 288a and was sentenced on November 30, 1993. *Id.*, Doc. 31. Barreto stated that the California judgment did not indicate whether Plaintiff was required to register as a sex offender in California when he was sentenced. *Id.*

Between October 31, 1994 and April 23, 2001, Plaintiff was incarcerated in Arizona for an armed robbery conviction in Maricopa County Superior Court, case CR1993-010362.[5] Shortly before his release from the armed robbery conviction, an ADC corrections officer informed Plaintiff that as one of his release conditions he had to

---

[4] *See* https://web2.westlaw.com, criminal arrest & infractions records-California (CRIM-CA), record date May 13, 1993, case# SA013565 (last visited June 13, 2014).

[5] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR1993-010362 (last visited June 13, 2014).

- 6 -

register as a sex offender based on his California conviction in case SA013565, which was reflected on the National Crime Information Center (NCIC) database.[6] Plaintiff apparently registered and did not challenge the requirement that he do so. Plaintiff was released from ADC custody.

On September 30, 2003, Plaintiff was sentenced to 2.5 years in prison after he pleaded guilty in Maricopa County Superior Court, case#CR2003-037149, for failing to register as a sex offender based on California case SA013565.[7] On December 18, 2007, Plaintiff was sentenced to three years in prison after he again pleaded guilty in Maricopa County Superior Court, case# CR2007-030890, for failing to register as a sex offender with one prior felony based on California case SA013565.[8]

Plaintiff is currently charged in two cases in Pinal County Superior Court. In case# CR201200144, he is charged with one count of failure as a sex offender to file a notice of address or name charge, and in case# CR201202592 with one count each of failure as a sex offender to file a notice of moving out of the county and failure to register

---

[6] According to the NCIC website, data contained in NCIC is provided by the FBI, federal, state, local and foreign criminal justice agencies, and authorized courts. The FBI is authorized to acquire, collect, classify and preserve identification, criminal identification, crime, and other records and to exchange such information with authorized entities. The purpose for maintaining the NCIC system of record is to provide a computerized data base for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals. This information assists authorized agencies in criminal justice objectives, such as apprehending fugitives, locating missing persons, locating and returning stolen property, as well as in the protection of the law enforcement officers encountering the individuals described in the system. An individual with a criminal record supported by fingerprints entered in the NCIC III file, criminal history record information, is available to that individual for review upon presentation of appropriate identification and in accordance with applicable State and Federal administrative and statutory regulations. Appropriate identification includes being fingerprinted for the purpose of insuring that the individual is who the individual purports to be. The record on file will then be verified through comparison of fingerprints. See http://www.fas.org/irp/agency/doj/fbi/is/ncic.htm (last visited May 9, 2013).

[7] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf (last visited June 13, 2014).

[8] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2979475.pdf (last visited June 13, 2014). In the minute entry, Plaintiff's last name is spelled "Cleaveland," but the referenced prior felony was CR2003-037149. *Id.*

with the sheriff's department.[9] In a minute entry issued on December 20, 2012 in CR201200144, the court set a hearing on a *state* motion to dismiss, which was scheduled to be held on January 8, 2013.[10] Based on the scheduled hearing in that case, the court reset the pretrial conference in CR201202592.[11] Both hearings were continued for reasons, and to a date, not reflected in records currently available on-line.[12]

On February 25, 2014, Plaintiff's counsel filed a petition for special action in the Arizona Court of Appeals in connection with CR201202592.[13] The court ordered a response, but denied Plaintiff's interlocutory stay of the trial court proceeding and declined jurisdiction on March 11, 2014. On April 17, 2014, the mandate issued. Although it appears that Plaintiff's criminal cases were stayed pending the special action proceedings and an appeal therefrom, no further hearings have been held in the cases.

**IV. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

---

[9] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx (last visited June 13, 2014).

[10] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited June 13, 2014).

[11] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited June 13, 2014).

[12] *See* http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, case## CR2012 00144 and CR201202592 (last visited June 13, 2014).

[13] *See* http://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=124947, case# 2 CA-SA 2014-0011 (last visited June 13, 2014).

### A. *Younger* Abstention

In his First Amended Complaint, Plaintiff seeks production of a certified copy of the plea agreement in California case SA001356501, signed documents reflecting that Plaintiff agreed to register as a sex offender in California in 1993, removal from the Arizona sex offender registry, release from custody, dismissal of the pending criminal cases, and absolution from compliance with ARS § 13-3821. He also seeks other relief, such as a retrial of the termination of his parental rights, apparently stemming from his convictions.

The abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The *Younger* abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies. *Braden*, 410 U.S. at 489-90; *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

Plaintiff has not alleged any ground that falls within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the *Younger* doctrine. He does not assert a violation of the Fifth Amendment's Double Jeopardy Clause or facts to support such a violation, nor does he allege that his speedy trial rights have been violated for which he seeks to compel the state to bring him to trial. Thus, Plaintiff has not asserted a basis for a federal court to interfere in his pending state criminal proceedings.

Even if he had, if Plaintiff wishes to challenge his pretrial detention by Pinal County based on double jeopardy or speedy trial grounds, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. He may not obtain such relief under § 1983. Accordingly, Plaintiff's First Amended Complaint will be dismissed to the extent that he seeks relief as to his current detention.

### B.     Count I

Plaintiff asserts that Governor Brewer violated his Fourteenth Amendment rights and is responsible for all extradition matters. He disputes that he was convicted of a sex offense in California or that he can be prosecuted for failing to register under Arizona law. Plaintiff asserts that his prosecution in Arizona somehow violates the federal Interstate Rendition Act, 18 U.S.C. § 3182.[14] He claims that this Court wrongly stated that he was required to register in California.[15] He contends that Brewer has denied him procedural due process by somehow impeding his ability to challenge whether he must register as a sex offender in Arizona. He also challenges the absence of copies of California documents from his 1993 California case.

As noted above, Plaintiff has not articulated a basis upon which a federal court may intervene in his pending state criminal cases or otherwise stated a claim for violation of his constitutional rights. Moreover, Plaintiff may raise constitutional challenges to his current detention in his Pinal County proceedings. Plaintiff may not do so in this action. Otherwise, Plaintiff's allegations in Count I are vague and conclusory. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal

---

[14] Plaintiff faults the undersigned for referring to copies of documents that *Plaintiff* filed in this case, one of which reflected that Plaintiff was ordered to register as a sex offender in California. (Doc. 23 at 7, n. 13, citing Doc. 11 at 11.) The Court merely summarized as background what the document submitted by *Plaintiff* reflected. That was not the basis for Court's decisions in this case.

[15] Even if true, that has no bearing on whether individuals in Arizona must register under ARS § 13-3821. *See* n.1, *supra*.

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Because Plaintiff fails to state a constitutional claim for relief in Count I, it will be dismissed.

### C. Count II

Plaintiff designates Count II as a claim for malicious prosecution against Deputy Pinal County Attorney Kohler. To state a claim for malicious prosecution, a plaintiff must allege facts to support that a defendant prosecuted him with malice and without probable cause for the purpose of denying equal protection or another specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). Further, an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in a manner that indicates his innocence. *Awabdy*, 368 F.3d at 1068.

As described above, criminal charges against Plaintiff are being prosecuted by Kohler. Plaintiff has not shown that his criminal proceedings have terminated in a manner that indicates his innocence. For that reason, Plaintiff may not currently proceed with his malicious prosecution claim and his First Amended Complaint and this action will be dismissed without prejudice as not yet having accrued. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor); *Peinado v. City and County of San Francisco*, No. C-11-1799, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998)). Because Plaintiff has not yet obtained a favorable termination of his pending state court proceedings, a claim for malicious prosecution based on those proceedings has not yet accrued. Accordingly, Count II will be dismissed for failure to state a claim.

## V. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a

complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made two efforts at crafting a viable complaint in this action, and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 23) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) Plaintiff's pending motions, notices, and briefs are **denied** to the extent that any relief is sought. (Doc. 24-33.)

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 19th day of June, 2014.

_____
David G. Campbell
United States District Judge